**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CARLOS ALFREDO BUNAY SARMIENTO, Individually and on Behalf of All Others Similarly Situated,**<br><br>                    **Plaintiff,**<br><br>-against-<br><br>**THE KING OF TACOS HOUSE, INC. and JUAN FRUCTUOS RIVERA, Jointly and Severally,**<br><br>                    **Defendants.** | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Carlos Alfredo Bunay Sarmiento ("Plaintiff"), individually and on behalf of all others similarly situated, as collective representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.  Defendants own and operate a restaurant business under the trade name "The King of Tacos House" located in the East Elmhurst neighborhood of Queens, New York. In addition to the restaurant location, Defendants also own and operate two (2) food trucks.

1

2. Plaintiff is a former waiter at The King of Tacos House, who regularly worked over forty (40) hours each week. For his work, Plaintiff was paid below the statutory minimum wage and was not paid overtime premiums for hours worked over forty (40) each week. Plaintiff also did not receive spread-of-hours premiums when he worked in excess of ten (10) hours in a given day.

3. Plaintiff also did not receive a wage notice upon hiring or annually or wage statements with his weekly wage payments.

4. Plaintiff brings this action to recover unpaid minimum wage and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims against Defendants for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

5. Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and all individuals who join the action pursuant to the FLSA (the "Opt-in Plaintiffs").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district and Defendants' business is located in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9. Plaintiff Carlos Alredo Bunay Sarmiento ("Sarmiento") has been, at all relevant times, an adult individual residing in Queens, New York.

10. Throughout the relevant time period, Plaintiff performed work for Defendants at The King of Tacos House, located at 9109 31st Ave, East Elmhurst, NY 11369.

11. Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216 (b), and his consent form is attached hereto.

**Defendants:**

12. The King of Tacos House, Inc. ("The King of Tacos House" or the "Corporate Defendant") is an active New York Corporation with its principal place of business at 9109 31st Ave, East Elmhurst, NY 11369.

13. Defendant Juan Fructuos Rivera ("Rivera" or the "Individual Defendant" and, collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant who set the Corporate Defendant's payroll polices, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, the Individual Defendant was in charge of determining the Corporate Defendant's polices with respect to payroll, and otherwise running the business of the Corporate Defendant.

14. The Individual Defendant participated in the day-to-day operation of the Corporate Defendant and acted intentionally and maliciously in his direction and control of Plaintiff and the Corporate Defendant's other similarly situated employees and is an "employer" pursuant to the

FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

15. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207 (a).

16. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

17. At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

18. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

19. All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since March 10, 2017 and through the entry of judgment in this case (the "Collective Action Period") who worked for Defendants as non-management employees (the "Collective Action Members").

21. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these

4

policies, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked or overtime premiums payments for all hours worked in excess of forty (40) hours per week.

22. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## STATEMENT OF FACTS

**Defendants' Restaurant**

23. At all relevant times, Defendants have been in the restaurant and food service business.

24. The King of Tacos House is open seven (7) days per week: Mondays through Sundays from 12:000 pm until 12:00 am.

25. In addition to the Queens restaurant location, Defendants also own and operate two (2) food trucks, which serve food 7 days per week, 10 hours per day. (*See* http://thekingoftaco.com).

26. In total, upon information and belief, Defendants employ at least twenty (20) employees at any given time including the front of the house, back of the house, and two food trucks.

27. Upon information and belief, the Individual Defendant is a constant presence in the bar/restaurant and takes an active role in ensuring that the restaurant is run in accordance with the his procedures and policies.

**Plaintiff's Work for Defendant**

28. <u>Plaintiff Sarmiento</u> was employed by Defendants as a waiter from in or around August 2017 through on or about January 28, 2019 (the "Sarmiento Employment Period").

29. Throughout the Sarmiento Employment Period, Mr. Sarmiento typically worked worked five (5) to six (6) days a week. His schedule varied from week to week, but he often had Mondays off. Mr. Sarmiento typically worked either a single shift that lasted from approximately 4:00 pm to approximately 12:00 am or a double shift that lasted from approximately 12:00 pm to 12:00 am. In a given week, Plaintiff typically worked between one and three (1-3) double shifts and between two and four (2-4) single shifts. On average, Plaintiff typically worked between forty-four and sixty (44-60) hours per week and sometimes more.

30. For his work, Mr. Sarmiento was paid a shift rate of twenty ($20.00) dollars for a single shift, for an effctive hourly rate of two dollars and fifty cents ($2.50), and forty ($40.00) dollars for a double shift, for an effective hourly rate of three dollars and thirty-three cents ($3.33). On average Plaintiff was typically paid between one hundred and twenty and one hundred and eighty dollars ($120-$180) per week. Plaintiff's effective hourly rate varied between days and weeks depending on the number and types of shifts he worked but, on average, Plaintiff received an effective hourly rate of approximately two dollars and ninety-two cents ($2.92).

31. Although Plaintiff typically worked well in excess of forty (40) hours per week, Plaintiff was paid his regular shift rate for all hours worked, including hours worked in excess of forty (40) hours per week and therefore did not receive any overtime premium pay.

32. Plaintiff received his wage payments in cash each week and did not receive a proper statement with his wages detailing his hourly rate(s) or hours worked during the pay period .

33. At no time, either when he was hired, annually thereafter or any other time was Plaintiff provided with was never provided a wage notice setting forth his regular and any overtime rates, employer contact information, the frequency of his wage payment, any deductions or tip credits taken by Defendants, or any other information required by the NYLL.

34. At no time was Plaintiff provided with notification, in writing or otherwise, that Defendants were taking the tip credit in calculating his pay.

35. Throughout the Sarmiento Employment Period, Mr. Sarmiento was not paid at least minimum wage for all hours worked and did not receive overtime premiums for hours worked over forty (40) in a given workweek.

36. Despite the fact that Sarmiento routinely worked shifts in excess of ten (10) hours, Defendants failed to pay Plaintiff Sarmiento spread-of-hours premiums equal to an addition hour of minimum wage for such days.

37. As Defendants failed to pay Plaintiff minimum wage and overtime and failed to provide any wage notice or other notice setting forth the tip credit, Defendants are not eligible to take the tip credit in calculating Plaintiff's wages. As such, Plaintiff is entitled to the full statutory minimum wage.

**Defendants' Unlawful Corporate Policies**

38. Plaintiff and the Class Members were all paid by the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, spread-of-hours premiums and failing to provide a wage notice and wage statements.

39. Upon information and belief, throughout the relevant time period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

40. Upon information and belief, Defendants operated their food trucks with the same corporate pay policies as those used in their Queens restaurant location and therefore failed to pay their food truck employees in accordance with federal and state wage and hour laws.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

41. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

42. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206 and 215(a)(2).

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

45. Plaintiff, on behalf of himself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

46. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated

and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
(Brought on Behalf of Plaintiff and Opt-in Plaintiffs)

49. Plaintiff, on behalf of himself and the Opt-in Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

50. Defendants willfully violated Plaintiff's and Opt-in Plaintiffs' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

51. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and Opt-in Plaintiffs to suffer loss of wages and interest thereon. Plaintiffs and the Opt-in Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Opt-in Plaintiffs)**

52. Plaintiff, on behalf of himself and the Opt-in Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

53. Defendants willfully violated Plaintiff's and the Opt-in Plaintiffs' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

54. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Opt-in Plaintiffs to suffer loss of wages and interest thereon. Plaintiff and the Opt-in Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES**
**(Brought on Behalf of Plaintiff and Opt-in Plaintiffs)**

55. Plaintiff, on behalf of himself and the Opt-in Plaintiffs, repeats and realleges each and every allegation of the preceding paragraph hereof with the same force and effect as though fully set forth herein.

56. Defendants have willfully failed to supply Plaintiff and Opt-in Plaintiffs notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Opt-in Plaintiffs as their primary language, containing Plaintiff and Opt-in Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day

designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

57. Due to Defendants violations of the NYLL, Plaintiff and the Opt-in Plaintiffs are entitled to recover from Defendants fifty dollars ($50) per employee for each work day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
**(Brought on Behalf of Plaintiffs and the Opt-in Plaintiffs)**

58. Plaintiff, on behalf of himself and the Opt-in Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59. Defendants have willfully failed to supply Plaintiff and Opt-in Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

60. Due to Defendants' violations of the NYLL, Plaintiff and the Opt-in Plaintiffs are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each work day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
**(Brought on Behalf of Plaintiff and Opt-in Plaintiffs)**

61. Plaintiff, on behalf of himself and the Opt-in Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62. Defendants willfully violated Plaintiff's and the Opt-in Plaintiffs' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Opt-in Plaintiffs worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

63. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Opt-in Plaintiffs to suffer loss of wages and interest thereon. Plaintiff and the Opt-in Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. An order tolling the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of actual and liquidated damages for non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

h. Fifty dollars ($50) per Plaintiff and each of the Opt-in Plaintiffs for each work day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Opt-in Plaintiffs as provided for by NYLL, Article 6 § 198(1)-b;

i. Two hundred and fifty dollars ($250) per Plaintiff and each of the Opt-in Plaintiffs for each work day that the violations of NYLL § 195 occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Opt-in Plaintiffs as provided for by NYLL § 198(1)-d;

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
March 10, 2020

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)

111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative
FLSA Collective*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of THE KING OF TACOS HOUSE, INC. and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____           Carlos Bunay
Signature                                  Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de THE KING OF TACOS HOUSE, INC. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____           Carlos Bunay
Firma                                      Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.